**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 1:12-CR-414-LJO-SKO-1 |
| **Plaintiff-Respondent,** | MEMORANDUM DECISION AND ORDER GRANTING PETITIONER'S § 2255 MOTION AND DENYING GOVERNMENT'S RENEWED MOTION TO STAY: **TIME SENSITIVE ORDER** |
| **v.** | |
| **CORBIN JAMES KENNEDY,** | |
| **Defendant-Petitioner.** | |
| | (ECF Nos. 23, 32) |

## I. <u>INTRODUCTION</u>

Before the Court is Petitioner Corbin James Kennedy's ("Petitioner" or "Kennedy") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, filed on June 21, 2016. ECF No. 23. On August 10, 2016, the Government filed a motion to stay Petitioner's § 2255 motion. ECF No. 26. The Court initially granted the Government's motion, but vacated the stay upon Petitioner's motion for reconsideration. ECF No. 31. The Government filed its merits opposition, along with a renewed motion to stay, on September 30, 2016. ECF No. 37. Petitioner filed a merits reply on October 25, 2016. ECF No. 33. Having considered the parties' briefing and the record in this case, the Court GRANTS Petitioner's motion and DENIES AS MOOT the Government's renewed motion to stay.

## II. <u>BACKGROUND</u>

On May 13, 2013, Petitioner was sentenced to 63 months in prison after pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF Nos. 21, 22. At sentencing, he was found to qualify for a sentencing enhancement under United States Sentencing Guidelines

1

("USSG" or "Guidelines") § 2K2.1(a)(3) because the underlying offense involved a firearm described in 26 U.S.C. § 5845(a) and because Petitioner had committed the underlying offense subsequent to sustaining a conviction for a "crime of violence," attempted grand theft of a person, in violation of Cal. Penal Code ("CPC") § 487(c). ECF No. 23 at 7-8[1]; *see also* Presentence Report ("PSR"), ECF No. 16 at 5-6. With the enhancement, Petitioner's base offense level was set at 22. PSR at 5-6. Three points were subtracted for acceptance of responsibility, bringing his total offense level to 19 with a criminal history category of VI. *Id.* at 6, 13. The applicable Guidelines range was determined to be 63 to 78 months. *Id.* at 3. On May 15, 2013, the Court entered a judgment sentencing Petitioner to 63 months in prison. ECF No. 22.

Without the applicable sentencing enhancement under § 2K2.1(a)(3), the base offense level would have been set at 20 pursuant to USSG § 2K2.1(a)(4), bringing his total offense level down two points to 17. ECF No. 23 at 8. The corresponding Guidelines range for an offense level of 17 with a criminal history category of VI is 51 to 63months. *Id.*; USSG Chap. 5, Part A.

Petitioner did not appeal his conviction or sentence. ECF No. 23 at 8. This is his first motion under 28 U.S.C. § 2255. *Id.*

### III. STANDARD OF DECISION

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Generally, only a narrow range of claims that fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a

---

[1] Pincites refer to CM/ECF pagination located at the top of each page.

2

1   fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United*

2   *States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)).

3   ### IV. <u>DISCUSSION</u>

4         Petitioner challenges his sentence on the basis that the Guidelines calculation underlying his

5   sentence incorporated the same definition of a "crime of violence" that the Supreme Court determined

6   was unconstitutionally vague in the context of the Armed Career Criminal Act ("ACCA") in *Johnson v.*

7   *United States*, 135 S. Ct. 2551, 2563 (2016). Without the two-point sentencing enhancement, the

8   sentencing range applicable to Petitioner would have been 51 to 63 months, rather than 63 to 78 months.

9   ECF No. 23 at 7-8.

10         The ACCA provides that a defendant with three prior convictions for violent felonies must be

11   sentenced to a mandatory minimum of 15 years in prison.  18 U.S.C. § 924(e)(2)(B). The ACCA defined

12   the term "violent felony" in three clauses: the elements clause, the enumerated clause, and the residual

13   clause. *Id.* Under the residual clause, a 'violent felony' is one that "involves conduct that presents a

14   serious potential risk of physical injury to another." § 924(e)(2)(B)(ii). In *Johnson*, the Supreme Court

15   determined that the residual clause was unconstitutionally vague such that it "violate[d] the

16   Constitution's guarantee of due process." 135 S. Ct. at 2563. In *Welch v. United States*, the Supreme

17   Court held that its decision in *Johnson* announced a new substantive rule that applies retroactively to

18   cases on collateral review. 136 S. Ct. 1257, 1268 (2016)

19         Although Petitioner was sentenced under the Guidelines rather than the ACCA, the Guidelines'

20   definition of "crime of violence" includes an identical residual clause to the one held to be

21   unconstitutionally vague in *Johnson*. USSG § 4B1.2(a)[2] ("the term 'crime of violence' means any

22   _____

23   [2] At the time Petitioner was sentenced, section 4B1.2(a) of the Guidelines provided as follows:
         The term "crime of violence means any offense under federal or state law, punishable by

24       imprisonment for a term exceeding one year, that—
                 (1) has as an element the use, attempted use, or threatened use of physical force against

25               the person of another, or
                 (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise*

26                                                    3

1   offense . . . [that] otherwise involves conduct that presents a serious potential risk of physical injury to

2   another"); *see also United States v. Spencer*, 724 F.3d 1133, 1138 (9th Cir. 2013) (holding that the Ninth

3   Circuit makes "no distinction between the terms 'violent felony' [as defined in the ACCA] and 'crime of

4   violence' [as defined in § 4B1.2(a)(2) of the Sentencing Guidelines] for purposes of interpreting the

5   residual clause[s]"). The Government concedes that the residual clause of § 4B1.2(a)(2) is

6   unconstitutionally vague after *Johnson*.[3] ECF No. 32 at 17. The Government further concedes that after

7   *Johnson*, Petitioner's conviction for evading a peace officer under CPC § 487(c) is not a "crime of

8   violence" within the meaning of remaining clauses of § 4B1.2(a). *Id.* at 23.[4]

9          Nonetheless, the Government contends that Petitioner is not entitled to relief under 28 U.S.C.

10  § 2255 for two reasons. First, the Government asserts that Petitioner procedurally defaulted his § 2255

11  claim because he did not raise the argument that the residual clause of § 4B1.2(a) was unconstitutionally

12  vague on direct appeal. *Id.* at 13-17. Second, the Government argues that *Johnson* does not apply

13  retroactively to challenges under the Sentencing Guidelines. *Id.* at 17-23.

14  **A.   Procedural Default**

15         To overcome a procedural default on collateral review, Petitioner must show cause and actual

16  prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To show "cause", a defendant "must

17  ordinarily . . . show that some factor external to the defense impeded counsel's efforts to comply . . .

18

19                 *involves conduct that presents a serious potential risk of physical injury to another*.
    USSG § 4B1.2(a) (emphasis added).

20  [3] The majority of the courts of appeal to have considered this issue have assumed that *Johnson* invalidates § 4B1.2(a)(2)'s
    residual clause. *See, e.g., United States v. Soto-Rivera*, 811 F.3d 53, 59 (1st Cir. 2016); *United States v. Welch*, 641 F. App'x

21  37, 43 (2d Cir. 2016) (per curiam); *United States v. Calabretta*, 831 F.3d 128, 133-34 (3d Cir. 2015); *United States v.
    Frazier*, 621 F. App'x 166, 168 (4th Cir. 2015) (per curiam); Order, *United States v. Estrada*, No. 15-40264 (5th Cir. Oct. 27,

22  2015); *United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016); *Ramirez v. United States*, 799 F3d 845, 856 (7th Cir.
    2015); *United States v. Taylor*, 803 F.3d 931, 932-33 (8th Cir. 2015) (per curiam); *United States v. Benavides*, 617 F. App'x

23  790, 790 (9th Cir. 2015) (per curiam); *United States v. Madrid*, 805 F.3d1204, 1210 (10th Cir. 2015); *In re Booker*, No. 16-
    3018 (D.C. Cir. June 10, 2016). The issue of whether the residual clause of § 4B1.2(a) is void for vagueness is currently

24  pending before the Supreme Court. *Beckles v. United States*, 616 F. App'x 415, 416 (11th Cir. 2015), *cert. granted*, 136 S.
    Ct. 2510 (2016).

25  [4] The Court assumes, without deciding, that the residual clause of § 4B1.2(a)(2) is unconstitutionally vague after *Johnson* and
    that CPC § 487(c) is not a "crime of violence" under the enumerated or elements clauses of § 4B1.2(a).

26                                          4

1    with the procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A constitutional claim is

2    sufficiently novel where its "legal basis [was] not reasonably available to counsel." *Reed v. Ross*, 468

3    U.S. 1, 16 (1984). As the Supreme Court explained in *Reed*, a claim is not reasonably available to

4    counsel where "a decision of this Court . . . explicitly overrule[s] one of our precedents." *Id.* at 17.

5         Here, *Johnson* explicitly overruled two Supreme Court cases holding that the residual clause of

6    the ACCA was constitutional. *James v. United States*, 550 U.S. 192 (2007); *Sykes v. United States*, 564

7    U.S. 1 (2011).  In *James*, the majority rejected the notion that the ACCA was unconstitutionally vague,

8    stating: "[t]he statutory requirement that an unenumerated crime 'otherwise involv[e] conduct that

9    presents a serious potential risk of physical injury to another' is not so indefinite as to prevent an

10   ordinary person from understanding what conduct it prohibits." 550 U.S. at 210 n.6. Similarly,

11   in *Sykes*, the majority declined the dissent's suggestion that the Court "admit that ACCA's residual

12   provision is a drafting failure and declare it void for vagueness." 564 U.S. at 28 (Scalia, J., dissenting).

13   Shortly before *Johnson* was decided, the Ninth Circuit recognized that both "Supreme Court and Ninth

14   Circuit precedent foreclose" arguments "that the ACCA's residual clause is unconstitutionally

15   vague." *United States v. Martinez*, 771 F.3d 672, 678 (9th Cir. 2014)[5].

16        Petitioner was sentenced on May 13, 2013, after *James* and *Sykes*, but before *Johnson.*

17   Therefore, at the time Petitioner was sentenced, a vagueness challenge to the identically worded residual

18   clause in § 4B1.2(a) was foreclosed by Supreme Court precedent. *See United States v. Garcia*, ___ F.

19   Supp. 3d ___, No 13-cr-00601-JST-1, 2016 WL 4364438, at *3 (N.D. Cal. Aug. 16, 2016) (petitioner

20   challenging § 4B1.2(a) did not procedurally default argument by not raising it on direct appeal because

21   argument was not "reasonably available" before *Johnson*); *United States v. Dean*, 169 F. Supp. 3d 1097,

22   1107-08 (D. Or. 2016) (same); *Gilbert v. United States*, Nos. C15-1855 JCC, CR12-0237 JCC, 2016 WL

23   3443898, at *2-3 (W.D. Wash. June 23, 2016) (same); *United States v. Stamps*, No. CR 13-238 CW,

24   ─────────────────────

25   [5] The Supreme Court granted *certiorari* in *Martinez* and vacated the decision in light of *Johnson*. 135 S. Ct. 2939 (2015).

26                                        5

1    2016 WL 3747286, at *3 (N.D. Cal. June 28, 2016) (same); *United States v. Snead*, No. CR 12-0649

2    CW, 2016 WL 4091548, at *3 (N.D. Cal. Aug. 2, 2016) (same).

3            Petitioner must also show prejudice by demonstrating that the alleged error "worked to

4    his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."

5    *United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007) (quoting *United States v. Frady*, 456

6    U.S. 152, 170 (1982)). In sentencing Petitioner to 63 months in prison, this Court adopted the United

7    States Probation Office's ("Probation") findings and recommendation that 63 to 78 months was the

8    appropriate sentencing range under the Guidelines, and then sentenced Petitioner to the low end of the

9    Guidelines range. Had Petitioner not been eligible for an enhancement under § 2K2.1(a)(3), the

10   applicable Guidelines range would have been 51 to 63 months. USSG § 2K2.1(a)(4). Therefore, it is

11   highly probable that Petitioner's sentence would have been lower had this Court not sentenced him

12   under the Guidelines' residual clause. Because Petitioner's claim was not "reasonably available" at the

13   time of his direct appeal, and because he was prejudiced by the alleged error, he has established cause to

14   excuse any procedural default.

15   **B.   Retroactive Application of *Johnson* to the Sentencing Guidelines**

16           In *Teague v. Lane*, 489 U.S. 288 (1989), the Supreme Court laid out the test for determining

17   whether one of its opinions should apply retroactively to a final judgment in a criminal case. There are

18   three steps to the *Teague* inquiry:

19                   First, the court must determine when the defendant's conviction
20           became final. Second, it must ascertain the legal landscape as it then
             existed, and ask whether the Constitution, as interpreted by the precedent
21           then existing, compels the rule. That is, the court must decide whether the
             rule is . . . 'new.' Finally, if the rule is new, the court must consider
22           whether it falls within either of the two exceptions to nonretroactivity.

23   *Beard v. Banks*, 542 U.S. 406, 411 (2004) (internal quotation marks and citations omitted). The two

24   exceptions to nonretroactivity identified in *Teague* are: (1) if the new rule places "certain kinds of

25   primary, private individual conduct beyond the power of the criminal law-making authority to

26                                                      6

1   proscribe," and (2) "if it requires the observance of those procedures that . . . are implicit in the concept

2   of ordered liberty." 489 U.S. at 311. These two exceptions are categorized as the exception for

3   "substantive rules" and the exception for "watershed rules of criminal procedure." *Schriro v. Summerlin*,

4   542 U.S. 348, 351 (2004).

5          The Court entered a final judgment sentencing Petitioner on November 15, 2013. Petitioner did

6   not appeal his conviction or sentence. As the Government concedes, the rule announced in *Johnson* was

7   new because *Johnson* overruled prior Supreme Court precedent. 136 S. Ct. at 1264; (ECF No. 37 at 15).

8   The first two prongs of the *Teague* analysis are satisfied.

9          As the Supreme Court held in *Welch*, "*Johnson* does not fall into the limited second category for

10   watershed procedural rules." *Id.* Therefore, the remaining question is whether the rule announced in

11   *Johnson* is substantive as it applies to the Sentencing Guidelines.

12          In *Welch*, the Court held that *Johnson* announced a new, substantive rule that changed the . . .

13   reach of the [ACCA] . . . altering the range of conduct or the class of persons that the law punishes." *Id.*

14   at 1264-65 (internal quotations marks and citations omitted). The Court went on to explain that before

15   *Johnson*, a person with three violent felony convictions who possessed a firearm would face 15 years in

16   prison, whereas after *Johnson*, the same person would face at most 10 years in prison. *Id.* at 1265.

17   According to the Court, "even the use of impeccable factfinding procedures could not legitimate a

18   sentence based on [the residual] clause." *Id.* (internal quotation marks and citations omitted). Therefore,

19   "[i]t follows that *Johnson* is a substantive decision." *Id.* The Court further concluded that *Johnson* was

20   not a procedural decision, noting that it did not affect the "range of permissible methods a court might

21   use to determine whether a defendant should be sentenced under the [ACCA], nor did it "allocate

22   decisionmaking authority between judge and jury . . . or regulate the evidence the court could consider

23   in making its decision." *Id.* (internal quotation marks and citations omitted).

24          The Court's reasoning in *Welch* applies with equal force in the context of the Sentencing

25   Guidelines. The elimination of the residual clause narrows the scope of the sentencing enhancement, and

26
                                                         7

1   changes the conduct and the class of persons that are subject to it. This case illustrates the change in the

2   "range of conduct or class of persons" punished as a result of *Johnson*. *Welch*, 136 S. Ct. at 1264-65.

3   While the recommended sentence for Petitioner under the Guidelines was 92 to 115 months with the

4   sentencing enhancement under § 2K2.1(a), without the enhancement it is 63 to 78 months. As in

5   *Johnson*, the "same person engaged in the same conduct is no longer subject to" the same sentencing

6   range if the sentencing enhancement provision no longer applies. *Id.* at 1265. The invalidation of the

7   residual clause moves Petitioner from one class of defendants under the Guidelines to another. That is

8   how the Supreme Court has defined "substantive" decisions for the purpose of determining retroactivity.

9   *Id.*; *see also Montgomery v. Louisiana*, 136 S. Ct. 718, 725, 736 (2016) (holding that new ruling that

10  juveniles could not be sentenced to life without parole without accounting for their youth applied

11  retroactively because, although some juveniles would still be sentenced to life without parole, many

12  would not be). Furthermore *Johnson* did not announce a procedural rule with respect to the Guidelines

13  for the same reasons it did not announce one with respect to the ACCA. The removal of the residual

14  clause in the Guidelines does not change the procedures that a judge goes through in sentencing, nor

15  does it change the evidence that the court considers. Rather, it changes the scope of the enhancement

16  itself.

17          Other courts in this circuit have held that *Johnson* applies retroactively to the residual clause in

18  § 4B1.2(a) of the Guidelines. As it does for the ACCA, "*Johnson* substantively changes the conduct by

19  which federal courts may enhance the sentence of a defendant under the Guidelines." *Snead*, 2016 WL

20  4091548, at *5 (quoting *Dean*, 169 F. Supp. 3d at 1119); *see also Stamps*, 2016 WL 3747286, at *5-6

21  (same); *Gilbert*, 2016 WL 3443898, at *4. This analysis is also consistent with controlling Ninth Circuit

22  precedent. In *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1189 (9th Cir. 2011), the Ninth Circuit

23  determined that its prior decision in *United States v. Grisel*, 488 F.3d 844 (9th Cir. 2007), should apply

24  retroactively. In *Grisel*, the court held that second-degree burglary under Oregon law was not

25  categorically burglary for purposes of determining whether a sentencing enhancement should apply

26

                                                    8

1  under the ACCA. 488 F.3d at 850-51. In *Reina-Rodriguez*, the Ninth Circuit considered whether *Grisel*

2  was a substantive rule that therefore applied retroactively under *Teague* in the context of the Sentencing

3  Guidelines, not the ACCA. 655 F.3d at 1189. Without distinguishing between *Grisel* in the ACCA

4  context and *Grisel* in the Guidelines context, the Ninth Circuit determined that *Grisel* should apply

5  retroactively to the Guidelines enhancement. *Id.* at 1189-90. In so holding, the Ninth Circuit implicitly

6  found that "a rule that is substantive in the first context is substantive in the second context." *Dean*, 2016

7  WL 1060229, at 1118. Therefore, under *Reina-Rodriguez*, *Johnson* is a substantive rule in the

8  Guidelines context. *Garcia*, 2016 WL 4364438, at *6.

9         The Government's argument that errors in sentencing under the Guidelines are procedural rather

10  than substantive is misplaced. The Court's reasoning in *Welch* for applying *Johnson* retroactively does

11  not hinge on the fact that the ACCA imposed a mandatory minimum rather than a discretionary

12  sentencing range. Rather, the Court noted that whether a rule is substantive or procedural turns on "the

13  function of the rule at issue." *Welch*, 136 S. Ct. at 1266. As the Court held, where a new rule affects the

14  scope of the conduct or class of persons impacted by the rule, it is substantive. *Id.* at 1265. Although the

15  Guidelines are advisory, judges must consider them during sentencing. *Peugh v. United States*, 133 S.

16  Ct. 2072, 2084 (2013). The Supreme Court recently observed that "when a Guidelines range moves up

17  or down, offenders' sentences move with it." *Id.* at 2084 (noting that the Guidelines "remain the

18  lodestone of sentencing"). After *Johnson*, certain defendants, like Petitioner, will no longer be eligible

19  for certain enhancements and will most likely be given shorter sentences. *Johnson* therefore altered

20  the "range of conduct or class of persons" that the Guidelines punish. *Gilbert*, 2016 WL 3443898, at *4;

21  *see also Montgomery*, 136 S. Ct. at 725, 736 (new rule was substantive and retroactive even though

22  courts maintained discretion in sentencing).

23         Because *Johnson* applies retroactively to the Sentencing Guidelines, Petitioner succeeds in

24  showing that his sentence was imposed in violation of the Constitution. Therefore, the Court GRANTS

25  his § 2255 petition, VACATES his sentence, and orders that a new sentencing hearing be set.

26

1

## V. CONCLUSION AND ORDERS

2

Accordingly, **IT IS HEREBY ORDERED:**

3

4

1. In light of *Johnson v. United States*, 135 S. Ct 2551 (2015), Petitioner Corbin Kennedy's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 (ECF No. 23) is **GRANTED**.

5

2. Petitioner's sentence (ECF No. 22) is **VACATED**.

6

7

3. Probation **SHALL** file a short supplement to the Presentence Report (ECF No. 16) on or before November 14, 2016, advising the Court of any relevant information pertaining to Petitioner's time in custody.

8

9

10

4. The Court **ORDERS** that a resentencing hearing be set for Monday, November 21, 2016 at 10:00 AM. The parties **SHALL** file all further documents pertaining to resentencing on or before November 17, 2016. The reason for the expedited sentencing is that Petitioner may be eligible for immediate release.

11

5. The Government's renewed motion to stay is **DENIED AS MOOT**.

12

13

IT IS SO ORDERED.

14

Dated:   **November 3, 2016**                    **/s/ Lawrence J. O'Neill**
                                                        UNITED STATES CHIEF DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

10